IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIE S. LEE, III,

    Plaintiff,

vs.	:	CIVIL ACTION NO.: CV608-103

JOHNNY SMITH; LARRY WAGNER;
WILLIAM BROWN; and DONNY
CARSWELL,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Willie S. Lee ("Plaintiff"), who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed an action pursuant to 42 U.S.C. § 1983 alleging that he was subject to excessive physical force while incarcerated at the Georgia State Prison in Reidsville, Georgia. Defendants filed a Pre-Answer Motion to Dismiss Plaintiff's complaint. Plaintiff filed a Reply and Defendants responded. For the reasons which follow, Defendants' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that on November 21, 2007 he was instructed by Defendant Smith to exit his cell and submit to a search. (Doc. No. 1, p. 7). Plaintiff claims that while he was standing by the door of his cell, Defendant Smith rushed at Plaintiff and shoved him, telling him to "get out of the cell." (Id.). According to Plaintiff, an altercation ensued during which time Plaintiff and Defendant Smith "swung at each other with balled fists." (Id. at p. 8). Plaintiff states that Defendant Carswell came to the scene

and told Plaintiff to put his hands on his head. (Id. at p. 9). Plaintiff claims that as Defendant Carswell was handcuffing him, he tackled Plaintiff and pinned him to the ground. (Id. at p. 10). Plaintiff claims Defendants proceeded to pin Plaintiff to the floor, strike him repeatedly with their radios, push him down the stairs, and smash his head into the wall. (Id. at pp. 10-13). Plaintiff states that he was treated for numerous injuries and sustains permanent damage to his thumb and head as a result of this altercation. (Id. at pp. 13-14).

Defendants have moved for the dismissal of Plaintiff's claims against them, asserting that Plaintiff has failed to exhaust his administrative remedies.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit

2

in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

> First, the court looks to the factual allegations in the defendant[s'] motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendant[s] bear the burden of proving the plaintiff has failed to exhaust his available administrative remedies.
>
> Id. at 1082.

Plaintiff asserts that he has followed proper grievance filing procedures and has exhausted all of his administrative remedies. (Doc. No. 16-1, p. 4). Defendants assert that Plaintiff admitted that he failed to properly exhaust his administrative remedies because he stated in his complaint that he attached extra pages to his formal grievance. (Doc. No. 14, p. 9). Plaintiff asserts that he was given permission by Officer K. Bragg to attach additional pages to his formal grievance. (Doc. No. 16-1, p.3). Plaintiff's statement that he attached extra pages to his formal grievance is not an admission of failure to exhaust. Taking Plaintiff's version of the facts as true, his complaint is not subject to dismissal at step one. See Turner, 541 F.3d at 1082.

Proceeding to step two, Defendants assert that Plaintiff failed to exhaust his administrative remedies because his appeal of his formal grievance was denied on appeal due to the fact that too many pages were attached to his formal grievance. (Doc. No. 14, pp. 8-9). Defendants are correct in asserting that Plaintiff's appeal was denied because it contained a two-page attachment. (See Doc. No. 16-1, p. 9). However, Defendants fail to show that this denial at the appeal level constitutes a failure on Plaintiff's part to adequately complete the grievance filing procedure.

Defendants assert that the GDP's grievance filing procedure consists of filing an optional informal grievance, a formal grievance, and an appeal. (Doc. No. 14, pp. 6-7). Defendants note:

> If the inmate's [formal] grievance is not rejected for procedural defects, the inmate's Counselor prepares a report summarizing the facts of the complaint, along with his or her findings, and a recommendation that is forwarded to the Warden of the institution. The Warden, in turn, provides a written response to the inmate, which states the reasons for the decision reached. The inmate is also advised of the appeal procedure at this time and given an opportunity to receive a grievance appeal form."

(Id. at p. 7). Defendants state that if a formal grievance is rejected for procedural defects, it cannot be appealed on the merits of the complaint. (Doc. No. 14, p. 7). However Defendants fail to mention what, if any, consequences exist if an inmate's formal grievance is denied on the merits and his appeal is rejected for procedural defects.

Here, Plaintiff's formal grievance was not rejected for procedural defects. (Doc. No. 16-1, p. 6). The warden responded to Plaintiff's formal grievance as follows:

> I have reviewed the findings from this investigation; to include the use of force report dated 11/21/07. Although I found no wrongdoing on the part of staff, the Use of Force report has been forwarded to Internal Affairs Division for review. At this time I do not recommend and further action in regards to this grievance.

(Doc. No. 16-1, p. 6). Though the formal grievance contained attached pages, the warden did not dismiss the formal grievance for this procedural error, but rather denied Plaintiff's formal grievance on the merits. (Id.) This denial on the merits, rather than because of some procedural error, supports Plaintiff's assertion that he was told he could have extra pages to complete his formal grievance.

Plaintiff's appeal, rather than his formal grievance, was denied due to Plaintiff's attachment of additional pages to his grievance form. (Id. at p. 8). Defendants present no evidence that a formal grievance that is procedurally rejected at the appeals stage does not constitute proper exhaustion of the administrative appeals process. The only evidence offered by Defendants that a denial at this level constituted a failure by Plaintiff to exhaust his administrative remedies is the affidavit of GDC Manager of Inmate Affairs and Ombudsman Shevondah Fields stating that, "[i]nmate Lee did not complete the grievance procedure with respect to grievance number 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 as he attached extra pages to his formal grievance." (Doc. No. 14-2, p. 6). If Plaintiff's formal

grievance had been procedurally rejected before it reached the appeal stage, Defendants' evidence might support their assertion that Plaintiff failed to exhaust his administrative remedies. However, from the evidence presented to this Court, it appears that Plaintiff followed the necessary steps in filing his grievance procedures. He filed an informal grievance, a formal grievance (which was denied on the merits), and an appeal. Defendants have put forth no evidence showing that a procedural error at the appeal level rather than at the formal grievance filing stage should subject Plaintiff's claim to dismissal. Defendants have not met their burden of proving Plaintiff has failed to exhaust his administrative remedies; therefore, at step two the undersigned resolves this disputed factual issue in favor of Plaintiff.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Pre-Answer Motion to Dismiss Plaintiff's complaint be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of December, 2009.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

6